UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PIOTR STANISLAW BRYJAK,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**JANET NAPOLITANO,** *et al.*,<br><br>　　　　**Defendants.** | Civ. No. 2:11-cv-06706 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Plaintiff Piotr Stanislaw Bryjak filed this petition against Defendants Janet Napolitano, Secretary of the Department of Homeland Security ("DHS"), and Alejandro N. Mayorkas, Director of U.S. Citizenship and Immigration Services ("USCIS"), seeking review of the denial of his naturalization application. This matter comes before the Court on Defendants' motion to dismiss, or, in the alternative, for summary judgment, and Plaintiff's cross-motion for summary judgment. Oral argument was held on December 11, 2012. *See* Fed. R. Civ. P. 78(b). The Court has reviewed the administrative record and the parties' submissions *de novo*, and has made the findings of fact and conclusions of law set forth below. *See* 8 U.S.C. § 1421. For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's cross-motion for summary judgment is **DENIED**.

**I.　　BACKGROUND**

　　　　The following facts are based on the administrative record and are undisputed.[1] Mr. Bryjak is a native and citizen of Poland who first entered the United States in

---

[1] Plaintiff made a request for discovery during oral argument. The Court finds that this request should be denied. Plaintiff filed his petition on November 10, 2011. The petition did not include any requests for discovery. Plaintiff filed his motion for summary judgment on March 1, 2012. The motion did not include any requests for discovery. Nine months after that, during oral argument, Plaintiff made a request for discovery for the first time. In the course of reviewing the denial of a naturalization application, a district court may grant discovery to one or both of the parties. *See Gonzalez v. Napolitano*, No. 2:09-03426, 2010 WL 3522789 (D.N.J. Sept. 2, 2010). However, in this case, Plaintiff's request for discovery was not timely and was never briefed. Further, the Court finds that discovery would be futile because, based on the undisputed facts,

November 1994.  Pet. ¶ 10, Nov. 10, 2001, ECF No. 1.  Mr. Bryjak has been a lawful permanent resident of the United States since 2005.  Pet. Ex. A, ECF No. 1.  Mr. Bryjak is married to a U.S. citizen, Magdalena Bryjak, who is an office manager in a medical office.  The Bryjaks have two children who are both U.S. citizens:  Karol Edward Bryjak, age 7, and Jeffery James Bryjak, age 5.  Defs.' Ex. 1 ("Form N-400"), ECF No. 5-2.  Mr. Bryjak is employed as a carpenter with Prestige Millwork in Hillsborough, New Jersey.  *Id.*  He works steadily and has always paid his taxes.  *Id.*

Mr. Bryjak has been arrested on two occasions.  Pet. ¶ 10.  He was first arrested on July 9, 2000 in Wallington, New Jersey for having an open container of alcohol in public.  *Id.*  On July 17, 2000, he pled guilty to the violation of a municipal ordinance.  *Id.*  Mr. Bryjak was also arrested on October 27, 2005 in Paramus, New Jersey for shoplifting.  Defs.' Ex. 3, June 29, 2011, ECF No. 5-4.  Incident to that arrest, he was taken to the police department, handcuffed to a railing, fingerprinted, photographed, and eventually released forty minutes later with summons to appear in court.  *Id.*  Mr. Bryjak appeared in Paramus Municipal Court on November 9, 2005, and pled guilty to shoplifting.  *Id.*

On November 5, 2010, Mr. Bryjak filed a Form N-400 Application for naturalization.  *See* Form N-400; Pet. Ex. B at 3, May 4, 2011, ECF No. 1 ("USCIS Decision").  In response to questions 16 to 19 in the Application, which ask if the applicant has ever been arrested, cited, or convicted, Mr. Bryjak answered "no."  *Id.* at 8.  In response to question 23, which asks if the applicant has ever given false or misleading information to a U.S. government official, Mr. Bryjak answered "no."  *Id.*  Finally, in Part 12, which asks the applicant to identify anyone who helped the applicant fill out the Application, Mr. Bryjak left the form blank.  *Id.* at 10.

On March 14, 2011, USCIS conducted an in-person examination of Mr. Bryjak in conjunction with his naturalization application.  *Id.*  During that examination Mr. Bryjak orally stated under oath that he had been arrested in 1999 for drinking in public in Wallington, NJ.  *Id.*  He was further questioned about whether he had been arrested at any other time besides the 1999 arrest.  He stated that he had not been arrested at any other time.  *Id.*  USCIS denied Mr. Bryjak's naturalization application on May 4, 2011.  *See* USCIS Decision.  The denial explains that the adjudications officer found that Mr. Bryjak lacked good moral character because Mr. Bryjak stated in his naturalization interview that he had not been arrested any time other than in 1999.  *Id.*

On or about May 27, 2011, Mr. Bryjak sought administrative review of the denial of his naturalization request.  Pet. Ex. C at 1-2, ECF No. 1.  USCIS held an administrative hearing on June 29, 2011.  *Id.*  In his response to USCIS questions during the hearing, Mr. Bryjak stated that the reason he did not provide information about his 2005 arrest and conviction during his naturalization interview was that he "totally forgot that day."  Defs.' Ex. 3 at 2.  When asked if he thought USCIS would deny his Application because of his 2005 arrest, he stated, "maybe no because I pay the fine."  *Id.*

---

Plaintiff has failed to show that he is a person of good moral character.

2

A different adjudications officer affirmed the denial on July 21, 2011.  *Id.*  Mr. Bryjak filed his Petition in this Court on November 10, 2011.  ECF No. 1.

## II.     LEGAL STANDARD

Defendants now move to dismiss the Petition or, in the alternative, move for summary judgment.  *See* Defs.' Reply Br. at 8, ECF No. 13.  Because the Court must consider matters outside the pleadings, the Court will treat Defendants' motion as a motion for summary judgment.  Fed. R. Civ. P. 12(d); *Carter v. Stanton*, 405 U.S. 669, 671 (1972) (where matters outside the pleadings are presented and not excluded by the court, motion to dismiss should be treated as one for summary judgment).  Plaintiff was on notice that these matters would be considered, as Plaintiff filed a cross-motion for summary judgment.

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party.  *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.    DISCUSSION

District courts have jurisdiction to review the denial of an application for naturalization pursuant to the Immigration and Nationality Act ("INA").  8 U.S.C. § 1421(c); *Gonzalez v. Sec'y of Dept. of Homeland Sec.*, 678 F.3d 254, 257-58 (3d Cir. 2012) ("the [Immigration and Nationality] Act reaffirmed the right of a petitioner to judicial review by giving the district courts the power to review . . . decisions by the Attorney General denying naturalization").  The denial of a naturalization application is reviewed *de novo*.  8 U.S.C. § 1421; *Gonzalez*, 678 F.3d at 257-58.

In addition to other requirements, a naturalization applicant has the burden of showing that he is a person of good moral character.[2]  8 U.S.C. § 1427(a) and (e).  In the

---

[2] The burden of proof that an applicant must meet when trying to show good moral character is an open question of law.  *See Dicicco v. U.S. Dep't of Justice INS*, 873 F.2d 910, 915 (6th Cir. 1989) (requiring "clear, convincing and unequivocal evidence"); *El–Ali v. Carroll*, 83 F.3d 414 (4th Cir. 1996) (same); *United States v. Hovsepian*, 359 F.3d 1144, 1168 (9th Cir. 2004) (requiring "a preponderance of the evidence"); *Nesari v. Taylor*, 806 F. Supp. 2d 848, 866-67 (E.D. Va. 2011) (same).  Because the Court ultimately determines that Plaintiff has not shown good moral character even under the less exacting preponderance of the evidence standard, the Court need not resolve that dispute.

context of a naturalization application, good moral character means that the petitioner "must measure up to that of the average citizen in the community in which he resides before he is entitled to citizenship." *Brukiewicz v. Savoretti*, 211 F.2d 541, 543 (5th Cir. 1954). The INA defines "good moral character" to exclude any person "who has given false testimony for the purpose of obtaining any benefits" under the immigration and nationality laws of the United States. 8 U.S.C. § 1101(f)(6). The Supreme Court has held that § 1101(f)(6) requires (1) "oral statements made under oath," and (2) "misrepresentations [that were] made with the subjective intent of obtaining immigration benefits." *Kungys v. United States*, 485 U.S. 759, 780 (1988) (citations omitted). A misrepresentation under § 1101(f)(6) need not be material to undermine an applicant's good moral character. *Id.*

In this case, Plaintiff does not dispute that he made an oral statement under oath in his immigration interview that he had only been arrested once. Thus, the only issue before the Court is whether Plaintiff made that statement "with the subjective intent of obtaining immigration benefits," or whether Plaintiff simply forgot about the second arrest. *Kungys*, 485 U.S. at 780. The Court finds that the evidence fails to support Plaintiff's assertion that he forgot about his 2005 arrest.

First, Plaintiff did not disclose the 1999 arrest or the 2005 arrest in his Application for naturalization. Instead, he check-marked the "no" box adjacent to question 16: "Have you ever been arrested, cited, or detained by a law enforcement officer . . . for any reason?" Form N-400 at 8. Plaintiff indicated that he filled out the Application himself, and he certified under oath and penalty of perjury that the information in the Application was true and correct.

Second, when asked if he thought USCIS would deny his Application because of his 2005 arrest, Plaintiff stated "maybe no," suggesting that he thought there was a possibility that the arrest would impact his Application.

Finally, Plaintiff is, by all appearances, a responsible, upstanding person. He is gainfully employed, he pays his taxes, and he works hard to take care of his family. Aside from committing two minor offenses in his twenties, Mr. Bryjak's character appears to be the kind of character that we would want our citizens to have.[3] That said, the Court finds it unlikely that someone as responsible as Mr. Bryjak would forget about an incident where he was arrested, taken to a police station, handcuffed to a railing, fingerprinted, photographed, asked to appear in court, and convicted of shoplifting. Thus, the evidence supports the conclusion that Plaintiff's false statements were "made with the subjective intent of obtaining immigration benefits." *Kungys*, 485 U.S. at 780.

---

[3] The Court notes that the two offenses themselves do not impact Mr. Bryjak's good moral character determination, as they occurred more than five years prior to his application for naturalization. *See* 8 C.F.R. 316.10.

    Disclosing one minor arrest instead of two minor arrests hardly seems like a strong reason to deny someone citizenship.  However, the Court is constrained by Supreme Court precedent stating that "even the most immaterial of lies" will undermine an applicant's good moral character.  *Kungys*, 485 U.S. at 780.  Therefore, the Court must uphold the decision of the USCIS.

## IV.    CONCLUSION

    For the reasons stated above, Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's cross-motion for summary judgment is **DENIED**.  This terminates the action.  An appropriate order follows.

                                   /s/ William J. Martini  
                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 14, 2012**